IN THE UNITED STATES FEDERAL COURT
FOR THE DISTRICT COURT OF PUERTO RICO

-----------------------------------------

Rodríguez Ayala Miguel,                          Complaint  O9-2051 (JP)
and Carmen M. Pagán Santiago.
L J 2, 33Third Street,
5ta Ext. Villa Del Rey, Caguas
Puerto Rico, 00725
Plaintiffs
v.

T -Mobil,
ALBUQUERGUE, N.M 87176-780

- - - - - - - - - - - - - -- -- -- -- -- -- -- -- -

Civil Action Complaint

 Under:

1. Sherman Antitrust Act; "Trade Commerce Act", that protect
consumers from unfair business practices;

2. Fair Credit Billing Act;

3. Robbery of personal property;

4. 18 U.S.C. 3664(m)(1)(B), Victims Restitution Act of 1996;  U.S.C.
SS 3663A-3664;
Diversity;

5. Pendant Jurisdiction; Under Local Law;

6. Sales Services, and Finances Companies; no. 258 of 1999;

7.Article 1802, Puerto Rico Civil Code (31 LPRA sec. 5141)(4);

8. Art. 1054.

9. Retaliation when canceled Rodríguez account due to his
complaint letter.

1

QUESTION ARISE: If T–Mobil, had engaged in unfair methods of competition in violation of 15 U.S.C. § 45(a); when T–Mobil, practice deceive those clients, which due to their poverty , and status, entering into unfair practice; when keep client pre-existences old cell phones units, using force, and use of psychological force; when T–Mobil, clients are force to bought a new unit ,even if the client unit is compatibility with T–Mobil software program, but do not belong to t–Mobil; that compatibility the client unit cell phone still work, and functionality with T–Mobil software. Therefore, T–Mobil, practice is in detriment of the U.S. commerce, and U.S consumers, in order to control the commerce ,and to retain client cell phone against their will; and in order to obtain illicit enrichment from their client pocket, and their expenses; those client could not find not   a better deal in the market, with others cell phone companies, because that unfair practices that  T–Mobil, use  against their clients which are force by means of force, and  use of psychological force,  to continues, and keep a contract or services , in detriment of the commerce , and those consumers, because their deceive with this unfair practice , that attempt against their  economic status, and economic condition, and in violation of  15 U.S.C. § 45(a).

Unfair Methods of Competition Unlawful
Trade Commerce Act; Both the United States and private parties can seek federal court injunctions against threatened breaches of the act and are entitled to collect three times the amount of any injury they have sustained because of its violation. In addition, individual states are authorized to sue for treble damages on behalf of injured natural persons residing in the state.

Venue: Is proper as to all parties in the District of Puerto Rico

To the Honorable Court:

## COMPLAINT

Demand for a Jury Trial.

I.   T -Mobil, refuse to initiate a billing error dispute.

II.  T-Mobil, send Rodriguez, to a Collection Agency without initiated a billing error dispute.

III. T -Mobil , rob Rodriguez, pre existences cell phone property Raizer Model, illegally by using or threatening to use violence or force; from the care, custody, or control of the Plaintiff's  by force or threat of force or violence , and by putting the victim in fear, and psychological fear.

A. Severe complaint letters were sending by Rodriguez, to T-Mobil, concerning billing error dispute; first letter November 21, 2008; 2do letter December 18, 2008; third letter December 24, 2008.

1. November 21, 2008, was T-Mobil, monthly statements that show a billing error that first appear, and reflect the amount in dispute of $157.58.

3

2. Meanwhile, on November 21, 2008,  Rodriguez, send to T–Mobil, a letter regarding a floor sub–gerent, whose first name is Lizandra (from now on Jane Dow), and who inside Las Catalina's Mall store, rob the Rodriguez, cell phone unit that belong to the plaintiff's; mail receive no.  7004- 1350-0002-4988-3208.

3. Moreover, on December 18, 2008, Rodriguez sent another complaint letter, concerning billing error; mail receive no. 7004-1350-0002-4988-3246; addresses to T–Mobil, P.O. Box  37380, Albuquerque, NM 87176-780 please see, third paragraph , and entitle. "Question about your Billing" and where to send a complaint billing error letter; please see T–Mobil, monthly statement back page statement December 17, 2008.

4. Then, on December 24, 2008, the Rodriguez, third complaint billing error letter, which inter alia include a complaint billing error, and a complaint for robbery of a cell phone unit that belong to the plaintiff; mail receive no.

a). 7004- 1350-0002-4988- 3291

5. On all Rodriguez, letters; November 21, 2008; December 18, 2008; and December 24, 2008, T- Mobil, received information in order to indentified;
a). Name
b).Telephone number to which the charge was billed
c).The date and amount of the error, and
d).The type of error I believe occurred;
 e).and why I he believe it was an error.

4

6.  On November 6, 2008, at 4:25P.M, by FedEx, Rodriguez, received a T—Mobil, new unit; in order to replace (gift), his wife Carmen Milagros Pagán Santiago, old unit with new one, phone number no;

a).  787- 619-3401

b). 787 -604-4704; Rodriguez, cell phone number

c). Rodriguez, raiser model, prior number with Sum Com, were, 787-459-1720.

7. On November 6, 2008, at 4:25 P.M;  the new unit sent by T-Mobil, through  FedEx were in order to replace Rodriguez, wife old unit, and which was acquire by a phone conversation deal of $59.99; prior that conversation, Rodriguez , had not a Sum Com, neither nor a T-Mobil, contract.

8. Meanwhile, on December 21, 2008, Rodriguez, received from T-Mobil, the agreement; that suppose to be sent September or October 2008, when T-Mobil, bought Sum Com; that agreement were delivery without adequate cost disclosures of credit terms, require by Regulation Z.

a)  T-Mobil, fail to comply with the ACT, require about  time to Disclosure that state; "companies would be prohibited from extending contracts without "point-of-sale notification," and customers would have 30 days to cancel any contract, new or extended. Any contract changes would need to be sent to consumers in writing, and could not take effect for 30 days".

5

9. The new unit sent by T-Mobil, and received by Rodriguez, never work,  then, one T-Mobil, United States, representatives said to Rodriguez, that his have to go to Las Catalina's Mall Caguas (from now on T-Mobil's Las Catalina). But also, T-Mobil, Las Catalina's Mall, fails to configure the new unit, and fails to fix the problem on the unit received by FedEx.

10.  On November 14, 2008, at 2:01 P.M, Rodriguez, return to T-Mobil, by FedEx, the new unit, because still damage; mail receive no; Tracking no, 8669 - 1666- 3890; please see Exhibit no. 1, Page............

11. Then, T-Mobil, United States, gives to T-Mobil, in Puerto Rico, the following order; a).  A new unit should be given to Rodriguez, in order to replace the one he return; on Las Catalina's mall, T-Mobil, give Rodriguez, another one, but also the another one given to Rodriguez at Las Catalina's in order to replace the unit that arrive by FedEx, last 3 days , and until now neither nor, not work.

b). T-Mobil, had to return to Rodriguez, cell phone property, model Motorola Raizer, because was T-Mobil, mistake when try to configure the cell phone FedEx, received by Rodriguez, through long distance software,  and damage the raiser model cell phone that belong to Rodríguez; thereby,  T-Mobil,  negligence, damage Rodriguez, cell phone;  Rodriguez, cell phone were not part of any commercial transaction or any deal.

6

c). Therefore, T–Mobil, have to give a second unit to Rodriguez, in order to replace the one he return by FedEx, and to compensate a pre-existing cell phone raiser model that were damage by T–Mobil negligence, and that were not part of any commercial transaction or deal .

12. T–Mobil, Puerto Rico, never ever, intent or comply with such order, instead $98.45, still appear on Rodriguez, monthly statements as wrong charge with a total balance due of $157.58; even when T–Mobil, know that the unit was return; and know that the replacing cell phone did not function properly; but also, still reflect on Rodriguez, monthly statement on account no. 787–619–3401, November 21, 2008.

13. Instead, T –Mobil, acquires possession of Rodriguez property, , cell phone Raizer model, by seizing his property through violence, and intimidation; and to permanently deprive Rodriguez , and his wife of their property, by means by force or by threat, and by mean of fear ; with use of violence, and intent to use violence, and intimidation, physiologic use of intimidation, and intent to use intimidation. Thereby, T–Mobil, still in possession of Rodriguez personal property taken illegally by using or threatening to use violence or force.

13...The rob "mugging" of Rodriguez Cell Phone took place inside a public place, on T Mobil store " Las Catalina's Mall at Caguas.

7

14..Whereas,January, 28, 2009, T- Mobil, letter did admit the robbery of Rodriguez, and his wife pre existences cell phone property, and have not  expressing remorse, even when T-Mobil, know or had to knew that robbery is a crime of theft and can be classified as Larceny by force or by threat of force. Please see T-Mobil letter ; Re; 589433316.

Damage by Category:

1. Damages in the amount of $15,000, for deprive Rodriguez, and his wife of their property.

1. $75,000, as trebled amount of together with court costs, and a reasonable attorney's fee; 28 U.S.C.  2412 § 2412.

2. $150.00, as cost of the rob unit

3.  $40.000.00, for future economic lost, generate from present economic lost,  when T-Mobil deprive Plaintiff's from his unit, without their consent.

4. 65,000.00 for credit lost, and future credit economic lost, generate from present credit lost when T-Mobil, send the Plaintiff's to a Collection Agency , and refuse to initiate an billing error investigation; please see; Advance Collection Agency Services, Inc; September 30, 2009.

9

5. $140,000.00, under Local Laws remedies; Sales Services, and Finances Companies; no. 258 of 1999; Article 1802, Puerto Rico Civil Code (31 LPRA sec. 5141)(4); Art. 1054.

6. Rodríguez have the right to withhold payment of any disputed amount pending completion of a billing review, and any action to collect any disputed amount will be suspended pending completion of the billing review.

7. $5,000.00.  As part of Interest, accrues, expenses incurred as a result of T- Mobil , still bill Rodriguez charge the amount in dispute, against  regulation Z, and the Fair Credit Billing Act.

8. Congress enacted the MVRA in 1996. See Pub. L. No. 104-132, Title II, §§201-211, 110 Stat. 1214; 18 U.S.C. SS 3663A-3664 (Supp. II 1996). It makes restitution mandatory, without regard to a defendant's economic situation, see 18 U.S.C. §3664(f)(1)(a), to identifiable victims who have suffered physical injury or pecuniary loss, [3] from crimes of violence, crimes against property, and crimes related to tampering with consumer products, see 18 U.S.C.S 3663A(c).

PRAYER FOR RELIEF:

WHEREFORE, Rodriguez Ayala Miguel, and his wife Carmen M. Pagán Santiago, seek the following remedy under the _____, and under Diversity, and under pendant jurisdiction, epigraph above mentioned, because as consequences of T–Mobil, negligence, and robbery of their property; and in order to recover actual, compensatory, liquidated, special, and moral damage; the plaintiff's request to this Honorable Court, that in case of prevail, the plaintiff's receive all above mentioned damage by category.

The plaintiff's respectfully request these Hon. Court, the necessary remedy in law.

RESPECTUFULLY SUBMITTED

Rodriguez Ayala Miguel

& Carmen M. Pagán Santiago

In San Juan Puerto Rico, and on this 9 day of October 2009

I HEREBY CERTIFY that on this same date, filed the foregoing with the Clerk of the Court, I send notice of the filling to all parts in this case, a copy of this document I was also sent by mail receive no. _____to: T –Mobil, ALBUQUERGUE, N.M 87176–780

11

And to:  T-Mobil, legal Division
1290 S.E. 38
Vellevue, Washington, 98006- 1350