IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGUEL RODRÍGUEZ-AYALA, et al.,

    Plaintiffs

    v.

T-MOBILE,

    Defendant

CIVIL NO. 09-2051 (JP)

**OPINION AND ORDER**

Before the Court is Defendant T-Mobile Puerto Rico LLC's ("T-Mobile") motion to dismiss (**No. 19**), and Plaintiffs Miguel Rodríguez-Ayala and Carmen Pagán-Santiago's opposition thereto (No. 23). Plaintiffs brought this action pursuant to, *inter alia*, 15 U.S.C. § 45 *et seq.*; 28 U.S.C. § 2412; and 18 U.S.C. § 3663A(a)(1). For the reasons stated herein, Defendant's motion to dismiss is hereby **GRANTED**.

**I.    FACTUAL ALLEGATIONS**

In their complaint,[1] Plaintiffs allege that there was some form of dispute between Plaintiffs and Defendant T-Mobile regarding Plaintiffs' cellular phone and billing. Specifically, Plaintiffs allege that Defendant refused to initiate a billing error dispute and unlawfully deprived Plaintiffs of their cell phone unit. Plaintiffs

---

1.    The Court notes that Plaintiffs' amended complaint (No. 18) is not very clear as to their factual allegations. As such, the Court did its best to interpret Plaintiffs' allegations.

CIVIL NO. 09-2051 (JP)            -2-

then sent multiple letters to T-Mobile concerning the cell phone unit and the billing error dispute.  Plaintiffs brought the instant *pro se* case requesting damages.

## II. **LEGAL STANDARD FOR A RULE 12(b)(1) MOTION TO DISMISS**

Federal courts are courts of limited jurisdiction. <u>Destek Group v. State of New Hampshire Public Utilities Commission</u>, 318 F.3d 32, 38 (1st Cir. 2003).  The party claiming that the court has jurisdiction carries the burden of showing that there is jurisdiction.  <u>See</u> <u>Aversa v. United States</u>, 99 F.3d 1200, 1209 (1st Cir. 1996); <u>Murphy v. United States</u>, 45 F.3d 520, 522 (1st Cir. 1995).

Motions brought under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) are subject to a similar standard of review as FRCP 12(b)(6) motions.  <u>Torres Maysonet v. Drillex, S.E.</u>, 229 F. Supp. 2d 105, 107 (D.P.R. 2002).  A court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." <u>Rumford Pharmacy, Inc. v. City of East Providence</u>, 970 F.2d 996, 997 (1st Cir. 1992); <u>Torres Maysonet</u>, 229 F. Supp. 2d at 107.

## III. **ANALYSIS**

Defendant T-Mobile requests that the case be dismissed because: (1) Plaintiffs have failed to state a claim upon which relief can be granted for their claims under the federal and state statutes cited in the complaint; (2) Plaintiffs' claims are not sufficient to meet

CIVIL NO. 09-2051 (JP)            -3-

the amount in controversy requirement for diversity jurisdiction; and (3) the Court lacks subject-matter jurisdiction since the applicable state agency has primary jurisdiction over a billing or contractual dispute such as the one in this case.  The Court will focus its analysis on Defendant's argument that the state agency is the forum with jurisdiction over the matter because it is the dispositive issue in this case.  As such, the Court will now consider Defendant's argument.

### A. <u>Subject Matter Jurisdiction</u>

In the instant case, Defendant argues that the Court lacks subject matter jurisdiction to hear this case and that the Telecommunications Regulatory Board of Puerto Rico ("Board") has primary and exclusive jurisdiction over this matter.

The Puerto Rico Telecommunications Act of 1996 ("Act"), P.R. Laws Ann. tit. 27, § 265 *et seq.*, created the Board for the purpose of regulating telecommunications services in Puerto Rico. The Act states:

> The Telecommunications Regulatory Board shall have primary and exclusive jurisdiction for adjudicating any damages and losses claim caused by any natural or juridical person to a user, except for claims between telecommunications and cable companies, as a result of violations of the provisions of this chapter, the regulations approved by the Board and the service contract between the user and the telecommunications and cable company for a maximum sum of five thousand dollars ($5,000) per incident. The term "user" shall include those persons who receive telecommunications and cable services from companies that are not telecommunications and cable companies. In those cases the Telecommunications Regulatory Board shall have

CIVIL NO. 09-2051 (JP)        -4-

>       primary and exclusive jurisdiction. In the case of claims
>       over the established maximum compensation claimed, the
>       Board shall have primary and exclusive jurisdiction to
>       determine whether there has been a violation of this
>       chapter, its regulations and/or the service contract. If
>       after a hearing on the merits has been held, the Board
>       determines that there has been a violation, it shall issue
>       a resolution and order describing the same.

P.R. Laws Ann. tit. 27, § 269j-1.

After considering the arguments, the Court determines that the Board has primary and exclusive jurisdiction to resolve the instant dispute.  The allegations in the complaint deal with a billing dispute between the parties and Defendant's appropriation of Plaintiffs' cell phone unit.  As such, the Court determines that the dispute here centers around some form of service agreement between the parties.[2]

Also, the Court notes that Plaintiffs in this case are users within the meaning of the Act, and Defendant T-Mobile is a telecommunications company within the meaning of the Act.  P.R. Laws Ann. tit. 27, § 265a(j) and (kk).   Moreover, Plaintiffs are requesting damages in excess of five thousand dollars.  Based on the allegations in the complaint and the relevant statute, the Court

---

2.    In the opposition to the motion to dismiss and in the complaint, Plaintiffs claim that there is no contract between the parties. However, said conclusion is inconsistent with the allegation that there was a billing dispute between the parties because in order for there to be a billing dispute between the parties, Plaintiffs and Defendant had to have some form of agreement. Interpreting Plaintiffs' contradictory allegations liberally, the Court interprets Plaintiffs' contention as stating there was no long term contract with Defendant, but instead that there was some form of service agreement such as an unwritten month-to-month agreement. Ayala-Serrano v. Lebrón-González, 909 F.2d 8, 12 (1st Cir. 1990).

CIVIL NO. 09-2051 (JP)			-5-

finds that Plaintiffs have failed to meet their burden of showing that the Court has jurisdiction.  See Aversa, 99 F.3d at 1209; Murphy, 45 F.3d at 522.  Accordingly, the Court finds that the Board, and not the Court, has primary and exclusive jurisdiction to resolve the instant dispute.[3]

## IV. CONCLUSION

Thus, the Court holds that it lacks jurisdiction over Plaintiffs' complaint against Defendant T-Mobile.  Accordingly, a separate Judgment will be entered dismissing the complaint without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of March, 2010.

					s/Jaime Pieras, Jr.
					JAIME PIERAS, JR.
					U.S. SENIOR DISTRICT JUDGE

---

3. After the Board issues a final resolution and order on the matter, Plaintiffs will be able to file a case requesting damages in the Court of First Instance. P.R. Laws Ann. tit. 27, § 269j-1.